RICHARD P. MAURO (5402)
43 East 400 South
Salt Lake City, Utah 84111
(801) 363-9500
Attorney for Christopher Alex Cheeney

FILED
CLERK, U.S. DISTRICT COURT
12 JUN 03 AM 9: 15
DISTRICT OF UTAH
BY: _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | **OBJECTIONS TO PRESENTENCE REPORT** |
| v. : | |
| CHRISTOPHER ALEX CHEENEY, : | Case No. 03CR28B |
| Defendant. : | Judge DEE BENSON |

Christopher Alex Cheeney, through his attorney, Richard P. Mauro, pursuant to Federal Rule of Criminal Procedure 32(i)(3), hereby submits the following objections to the presentence report.

**I. Disputed Portions of Presentence Report.**

Before or at the time of sentencing, the accused must bring to the court's attention any disputed matters in the presentence report. Federal Rule of Criminal Procedure 32(i)(3). Otherwise, facts not objected to are deemed admitted. *United States v. Walters*, 269 F.3d 1207, 1213 (10th Cir. 2001); *United States v. Prince*, 204 F.3d 1021, 1024 (10th Cir. 2000). In this case, Mr. Cheeney objects to inclusion of paragraphs 39 and 40 under the heading, Institutional Adjustment.

In general, a sentencing court must rely upon accurate information in imposing a sentence. *See Gardner v. Florida*, 430 U.S. 349 (1977). In cases where a portion of the presentence report

**39**

is disputed, the court must:

> (B)
> rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect the sentencing, or because the court will not consider the matter in sentencing; and
> (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Federal R. Crim. P. 32(i)(3)(B) & (C).

The section of Rule 32 cited above serves two purposes: 1. to insure that trial court rely upon accurate information in imposing sentence; and 2. to serve as a "safeguard against the manifest unfairness to a defendant if false or unreliable information is relied upon by the Bureau of Prisons or the Parole Commission in their custody or parole determinations." *United States v. Brown*, 314 F.3d 1216, 1228 (10th Cir. 2003).

Paragraphs 39 and 40 refer to alleged instances of misconduct that occurred while Mr. Cheeney was incarcerated at the Utah State Prison. Paragraph 39 describes an alleged incident in which prison guards purportedly searched Mr. Cheeney's cell finding a rock, six homemade dice, and a roll of correction and cover-up tape.[1] The report states that the items were seized, and "placed in the evidence locker to be held for disciplinary actions." There is no description of disciplinary action or reference that a disciplinary hearing was even held. Paragraph 40 is even more ambiguous stating that Mr. Cheeney was allegedly implicated in a prison escape attempt with an unnamed, unidentified inmate. The report makes reference to criminal charges being filed, but lists no disposition, and there are no Guideline points associated with this incident. The report relied upon by probation indicates that, other than described above, "[n]o further information was

---

[1] The report fails to explain what correction and cover-up tape is.

available."

Mr. Cheeney asks the court to delete these two paragraphs from the presentence report. Even though paragraph 39 states that items such as dice, a rock, and correction paper are contraband, there is neither a finding to that effect nor a disciplinary record associated with that incident. Information in that paragraph is not relevant to the sentencing procedure here as it neither affects the Guideline range nor the criminal history assessment. Moreover, that information is more prejudicial than probative as it suggests that Mr. Cheeney is a problem prisoner who violates prison rules when there is scant evidence to support that conclusion. That evidence can only be used by the Bureau of Prisons to decide "custody or parole determinations." *See Brown*, 314 F.3d at 1228. The information is simply too speculative and unreliable for inclusion in the presentence report.

Paragraph 40, likewise, suffers the same infirmities. Indeed, that information is more speculative and more untrustworthy than the information in paragraph 39. There is neither identification of the co-perpetrator nor a description of the events leading up to the alleged "escape attempt." More importantly, it appears no criminal charge was ever filed and there is no indication that the prison took disciplinary action. Mr. Cheeney similarly asks the court to order deletion of this paragraph, or in the alternative, to find that the two paragraphs are not sufficiently accurate or relevant to the sentencing process and to "append" that copy to the presentence report to be "made available to the Bureau of Prisons." *See* Fed. R. Crim. P. 32(i)(3)(C).

DATED this 12 of June, 2003.

*Richard P. Mauro*
RICHARD P. MAURO
Attorney for Christopher Cheeney

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **OBJECTIONS TO PRESENTENCE REPORT** was mailed, postage prepaid, to the following persons:

Barbara Bearnson
Assistant United States Attorney
185 South State St. Suite 400
Salt Lake City, Utah 84111

Mindy Eckman
United States Probation Office
160 U.S. Courthouse
350 South Main St.
Salt Lake City, Utah 84101

Dated this __12__ day of June, 2003.

*[signature: Richard P. Mauro]*